

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9625 | **DATE** | DEC 1 0 2012 |
| **CASE TITLE** | Robert Martin (#2012-0702087) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

■ [For further details see text below.]           Docketing to mail notices.

## STATEMENT

    Plaintiff, Robert Martin, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on February 21, 2010, he was subjected to excessive force on arrest. More specifically, he alleges that he was kicked and beaten by Chicago Police. He further alleges that his car was impounded and then sold at auction without adequate notice or due process.

    The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $7.68 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust officer at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

                                                       AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983. He alleges that on February 21, 2010, Defendants subjected him to excessive force on arrest and subsequently deprived him of due process when they impounded and sold his automobile. The Clerk of the Court received Plaintiff's complaint on December 4, 2012, more than two years after the alleged violations of his rights.

The Court held in *Wilson v. Garcia*, 471 U.S. 261 (1984), that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In addition, Plaintiff's Section 1983 claims thus accrued on February 21, 2010, because at that time, Plaintiff either knew or should have known of the Defendant's alleged wrongdoing. *See, e.g., Behavioral Inst. of Indiana v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Because more than two years have elapsed since Plaintiff's claims of excessive force and due process violations against Defendants arose, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

There are additional problems with Plaintiff's complaint, including the fact that he has failed to state a claim against the City of Chicago (see *Campbell v. Miller*, 499 F.3d 711, 719-20 (7th Cir. 2007)) and the Chicago Police Department is not a suable entity (see *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993)), however, until Plaintiff has adequately shown cause on the limitations issue it appears that any amendment would be futile. Accordingly, the Court gives Plaintiff 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

2012 DEC 10 PH 2:44
CLERK
U.S. DISTRICT COURT